UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARCUS HIGGINS,** | : | Case No. 4:06-CR-469 |
| Petitioner, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| **UNITED STATES OF AMERICA,** | : | **MEMORANDUM & ORDER** |
| Respondent. | : | |

Before the Court is Petitioner Marcus Higgins' Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582. (Doc. 67.) As explained below, this motion must be **DENIED**.

Higgins seeks the retroactive reduction of his sentence under Amendments 706 and 711 to the United States Sentencing Guidelines. (*Id.*) These amendments modified the calculation guidelines for determination of a Base Offense Level under § 2D1.1, offenses involving the possession and distribution of crack cocaine. Higgins, however, was not sentenced under § 2D1.1; he was sentenced to a term of 168 months pursuant to §4B1.1, the guideline for determining the sentence of career offenders.

While "a court should adjust a sentence when it is explicitly based on the crack cocaine guidelines," it must "leave undisturbed a sentence for which there exists an independent basis." *United States v. Johnson*, Case No. 1:96cr142, 2009 U.S. Dist. LEXIS 37205, at *3 (N.D. Ohio Apr. 29, 2009). The precise question raised by this case, whether a district court may adjust the sentence for a prisoner who was sentenced under the career offender provision when the prisoner's status as a career offender was determined in part by a conviction for possession or distribution of crack

cocaine, has now arisen several times within this circuit.  The Sixth Circuit has explained that district courts are simply without power to modify such a sentence.  *United States v. Raybon*, Case No. 09-1716, 2010 U.S. App. LEXIS 14181, at *3-4 (6th Cir. July 12, 2010); *United States v. Pembrook*, No. 08-6452, 2010 U.S. App. LEXIS 11949, at *16 (6th Cir. June 11, 2010); *United States v. Perdue*, 572 F.3d 288, 291 (6th Cir. 2009).  In particular:

> The amendment in question in this case is Amendment 706 . . . which reduced the base offense level for most crack offenses.  Amendment 706 was further amended by the technical and conforming amendments set forth in Amendment 711 . . . . [While] [t]he crack-cocaine amendment is one of the amendments listed in § 1B1.10(c) as having retroactive effect . . . ., *Amendment 706 offers no relief to those defendants who have been sentenced as career offenders*.

*Perdue*, 572 F.3d at 291-92 (emphasis added); *see also Pembrook*, 2010 U.S. App. LEXIS 11949, at *16; *Johnson*,  2009 U.S. Dist. LEXIS 37205, at *3; *cf. Dillon v. United States*, Case No. 09-6338, 2010 U.S. LEXIS 4975 (U.S. June 17, 2010) ("[§ 3582(c)(2)] applies only to a limited class of prisoners . . . . § 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission.").  The caselaw is unambiguous: the Court cannot grant Higgins' motion.

For the aforementioned reasons, Marcus Higgins' Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense Pursuant to 18 U.S.C. § 3582 (Doc. 67) is **DENIED**.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

    **IT IS SO ORDERED.**

                                  s/Kathleen M. O'Malley  
                                  KATHLEEN McDONALD O'MALLEY  
                                  UNITED STATES DISTRICT JUDGE

Dated: August 10, 2010