**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No. 4:06 CR 469 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **MARCUS HIGGINS,** | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Court[1] upon the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (**Doc #: 80**) and Motion to Grant Equitable Tolling of the Statute of Limitations ("Tolling Motion") (**Doc #: 81**). In the § 2255 Motion, Higgins challenges his sentence, and specifically his designation as a Career Offender. In the Tolling Motion, Higgins implicitly acknowledges that his § 2255 Motion is time-barred, but seeks equitable tolling of the § 2255 one-year statute of limitations. For the following reasons, the Court **DENIES** both motions.

**I.**

On January 9, 2007, Defendant Marcus Higgins entered a plea of guilty to Count 2 of the Indictment, which charged him with the distribution of more than 5 grams of crack cocaine.

---

[1]This case was initially assigned to the docket of then-District Judge Kathleen M. O'Mally who was elevated to the Court of Appeals for the Federal Circuit on December 31, 2010. The case was subsequently reassigned to me pursuant to General Order No. 2011-5. (See non-document entry of 3/1/2011.)

(Doc #: 46.) Because of a prior conviction, he was subject to a mandatory minimum sentence of 10 years in prison. His plea agreement contains a clear waiver of appellate rights. (Doc #: 47 ¶ 11.) On April 9, 2007, Higgins was sentenced to 14 years in prison, and he did not appeal.

More than four years later, on July 25, 2011, Higgins filed the pending § 2255 motion. He alleges that his attorney was ineffective for failing to file a notice of appeal, and that he is entitled to equitable tolling because he only recently discovered that his appeal was not filed. Neither of these arguments have any merit.

## II.

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.* To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States,* 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994)). Furthermore, a § 2255 motion must be filed with one year from the date the conviction becomes final. 28 U.S.C. § 2255(f).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack. Rule 4(b) provides:

> The judge who receives the [§ 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving part is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

*Id.* The Court has promptly examined the § 2255 Petition, the record in the underlying criminal case, and the case law and finds that it plainly appears that Dillard is not entitled to relief in the district court for the following reasons.

## III.

The Court has carefully reviewed the transcript of the April 9, 2007 sentencing hearing. (Doc #: 70 ("Sentencing Hrg Tr.").) After a review of the presentence report, the Government and Defendant agreed that Higgins was a Career Offender, and that the advisory guideline range was Offense Level 35, Criminal History VI (292-365 months). (Id. at 4-5.) At the time the plea agreement was negotiated, neither the Government nor Defendant expected that Higgins would be a Career Offender. (Id. at 5.) Accordingly, the Government and Defendant negotiated an amendment to the Plea Agreement, calling for a binding sentence of 14 years (168 months), which the parties presented to the Court pursuant to Rule 11 (e)(1)(C). (Id. at 6-8.) Judge O'Malley carefully reviewed this amendment with Higgins to make sure he understood all the ramifications. Higgins specifically acknowledged that he could not appeal the sentence, and that the waiver of appellate rights in his plea agreement applied to this amendment. (Sentencing Hrg. Tr. at 6, 16-17.) The Court then accepted the binding plea agreement, and sentenced Higgins to 168 months. (Id. at 21-22.)

As Higgins waived his right to appeal his sentence, he may not challenge it through a § 2255 motion, and defense counsel was not ineffective for failing to file an appeal. Further, Higgins' § 2255 motion is clearly time-barred, and he has shown no basis for equitable tolling. While he claims on page 2 of his motion that he thought that his attorney was pursuing an appeal throughout 2007, 2008, and 2009, Higgins did not file the § 2255 motion until July 2011, 18 months later. The record shows that he filed a motion on August 10, 2009 for a 2-level reduction under Amendment 706 to the crack cocaine guidelines. (See Doc ##: 67, 68.) He had to know by then that no appeal of his sentence had been filed.

### III.

The Court's prompt review of the § 2255 Motion, the record in the underlying case and the law plainly dictate that Higgins is entitled to no relief in the district court. Accordingly, the Court **DENIES** the Motion to Grant Equitable Tolling of the Statute of Limitations (**Doc #: 81**) and **DENIES** and summarily dismisses under Rule 4(b) the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (**Doc #: 80**).

**IT IS SO ORDERED.**

    */s/ Dan A. Polster     July 27, 2011*
**Dan Aaron Polster**
**United States District Judge**