UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No. 4:06 CR 469** |
| | ) | |
| Plaintiff, | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **MARCUS HIGGINS,** | ) | |
| | ) | |
| Defendant. | ) | |

On July 27, 2011, the Court summarily dismissed Defendant Marcus Higgins' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (Doc #: 80) and Motion to Grant Equitable Tolling of the Statute of Limitations ("Tolling Motion") (Doc #: 81). (Doc #: 82.) In the § 2255 Motion, Higgins argued that his counsel was ineffective for failing to object to his career offender enhancement. In the Tolling Motion, Higgins argued that the one-year limitations period for filing a § 2255 motion should be tolled because he told his attorney to file a notice of appeal for him in 2007, and he only recently discovered that an appeal was never filed.

The Court denied both motions because (1) Higgins and the government negotiated a plea agreement with a binding 14-year prison sentence, (2) Higgins expressly waived the right to appeal his sentence in his written plea agreement, (3) Higgins specifically acknowledged during the sentencing hearing that he could not appeal his sentence, (4) Higgins could not circumvent the procedure for challenging his sentence on direct appeal by filing a § 2255 motion, (5) Higgins could not show that his attorney was ineffective for failing to file an appeal under

these circumstances, and (6) Higgins showed no basis for equitable tolling, given that he waited more than four years to formally challenge his sentence. (Doc #: 82.)

Higgins has now filed a "Motion to Grant Rule 59(e) to Amend or Alter § 2255 Denial." (**Doc #: 84** (hereafter, "Rule 59(e) Motion").) Higgins asserts, as the basis for this motion, that the Court committed "legal error" by failing to comply with the five-factor test for equitable tolling of § 2255 motions in *Holland v. Florida*, 130 S.Ct. 2549 (2010) and *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). (Id.) Thus, Higgins asks the Court to (1) vacate its prior order summarily dismissing his § 2255 motion, (2) order a prompt evidentiary hearing, and (3) vacate his sentence to re-set the clock for filing a direct appeal. (Id. at 2.)

In *Holland*, the Supreme Court found that the one-year statute of limitations for filing a § 2254 habeas petition was equitably tolled because the record showed that

> Holland's court-appointed attorney, Bradley Collins, had failed to file a timely federal petition, despite Holland's many letters emphasizing the importance of doing so; that Collins apparently did not do the research necessary to find out the proper filing date, despite the fact that Holland had identified the applicable legal rules for him; that Collins failed to inform Holland in a timely manner that the State Supreme Court had decided his case, despite Holland's many pleas for that information; and that Collins failed to communicate with Holland over a period of years, despite Holland's pleas for responses to his letters. Meanwhile, Holland repeatedly requested that the state courts and the Florida bar remove Collins from his case.

130 S.Ct. at 2552. The facts in Holland are a far cry from this case, where Higgins allegedly sent four letters to the court and counsel in the summer of 2008, and one letter to counsel in June 2010, inquiring about the status of his appeal. (See Doc #: 80, Ex. A to E.) Higgins does not explain why he waited four years after his sentence, three years after his 2008 letters to counsel and the court, and more than one year after his last letter to counsel, to file the § 2255 Motion.

-2-

In *Dunlap*, the Sixth Circuit determined that the one-year limitations period for filing a § 2255 motion was in fact a statute of limitations subject to equitable tolling, and that a five-part test should be applied.  The five factors to consider are (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights, (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008 (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).  There, Dunlap, who had filed two premature § 2255 motions, filed a third § 2255 motion more than 18 months after his conviction was final.  After articulating the five-factor test, the Sixth Circuit merely concluded, "Absent a satisfactory explanation for his failure to timely file his habeas petition, Petitioner has failed to exercise due diligence in pursuing his claim; Petitioner's case is therefore not appropriate for the doctrine of equitable tolling." *Dunlap*, 250 F.3d at 1010.

Here, the Court has fully explained why it denied Higgins' § 2255 motion.  First and foremost, "[a]s Higgins waived his right to appeal his sentence, he may not challenge it through a § 2255 motion, and defense counsel was not ineffective for failing to file an appeal."  (Doc #: 82, at 4.)  Even if Higgins could circumvent his appellate waiver by filing a § 2255 motion, such motion is clearly time-barred, and he has shown no basis for equitable tolling.  As the Court explained,

> While [Higgins] claims on page 2 of his motion that he thought that his attorney was pursuing an appeal throughout 2007, 2008, and 2009, Higgins did not file the § 2255 motion until July 2011, 18 months later.  The record shows that he filed a motion on August 10, 2009 for a 2-level reduction under Amendment 706 to the crack cocaine guidelines.  (See Doc ##: 67, 68.)  He had to know by then that no appeal of his sentence had been filed.

-3-

(Doc #: 82, at 4.)

Under the circumstances, there is no basis upon which to grant Higgins' request to vacate the Court's ruling or his sentence, and the Court has no obligation to hold an evidentiary hearing to determine whether the one-year § 2255 limitations period should be tolled. Accordingly, the Rule 59(e) Motion (**Doc #: 84**) is **DENIED**.

**IT IS SO ORDERED.**

                                                */s/ Dan A. Polster     August 16, 2011*
                                                **Dan Aaron Polster**
                                                **United States District Judge**